156 So. 765

## DE VALENZUELA v. ROSS.

### I Div. 805.

Supreme Court of Alabama.
Oct. 4, 1934.

Jesse F. Hogan, of Mobile, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

ANDERSON, Chief Justice.

Bill of complaint by the pledgor of a diamond brooch to redeem from the pledgee, claiming that the transaction was usurious and seeking an ascertainment of the amount lawfully due.

The trial court rejected a written showing of the complainant, which was the only evidence in the case, upon the ground that it varied or contradicted the written contract as exhibited by the bill of complaint. In this ruling, the trial court was in error as the evidence, as disclosed by said showing, did not contradict the contract. It merely set out the value of the rental of the room or apartment which was relevant to establish the charge of usury and, at most, showed a change of the subject-matter of the contract after the execution of same by setting up an implied modification by a change from a single room to an apartment of much greater value.

It is well settled by the decisions of this and many other courts that: "Where the lender is to receive something else than money for his loan, as property or services, the value of such profit being necessarily uncertain, the contract is not usurious, even though the probable value is greater than legal interest, unless the consideration so given is so palpably in excess of the certain profit allowed by law as to show a corrupt intent to violate the usury laws." Jones v. Moore, 212 Ala. 248, 102 So. 200, 204; 39 Cyc. 959; Wright v. McAlexander, 11 Ala. 236; Rapier v. Gulf City Paper Co., 77 Ala. 126. The showing here shows a use of the room or apartment in lieu of legal interest for the use of the money, and the value of same was in no sense uncertain or speculative and was so greatly in excess of the legal rate as to show oppression and an intent to violate the usury law. This is so, either of which view might prevail; that is, whether the respondent occupied a room worth $10 per month or changed to an apartment worth $25 per month. Should the facts set out in the showing be accepted by the trial court as true, the debt should be credited with the value of the rent already enjoyed by respondent, as section 8567 of the Code of 1923 not only provides for the forfeiture of interest, in law or equity, but that the amount so paid should be credited on the debt when the transaction is usurious.

The decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.

☞For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes